**VAIMAONA FAMILY of Laulii by FALOI VAIMAONA, FAALOLOI S. MANAEA, and FOLASA IALIVA, Plaintiffs**

**v.**

**MEAFOU, POTOAE (wife) and FOUVALE (her husband) and six children, TOESE and TAULOLOMI, all of Laulii, Defendants**

## No. 8-1956

## High Court of American Samoa

### Civil Jurisdiction, Trial Division

[Land: "Mulipa" in Aumi]

## April 20, 1956

Heard at Fagatogo on March 19 and 20, 1956 before *Chief Judge* MORROW, *Associate Judge* APE and *Temporary Associate Judge* MAILO.

Faaloloi S. Manaea, counsel for the Vaimaona Family, plaintiffs.

Randorf Manaea, counsel for Meafou et al., defendants.

OPINION OF THE COURT

MORROW, *Chief Judge.*

On March 9, 1956 the Vaimaona Family of Laulii filed their petition seeking the eviction of the defendants from the land Mulipa located at Aumi. Prior to the hearing, the Court viewed the land involved in the presence of the parties. The plaintiffs claimed that the land Mulipa was the communal family land of the Vaimaona Family and the defendants admitted that that was true.

The evidence showed that defendant Meafou is the widow of one Vaimaona Pauulu who became the Vaimaona in 1941 and held the title until June 1946 when he resigned. Meafou and Pauulu had three children. Meafou was married prior to her marriage to Pauulu, having three children by her first marriage, viz., defendants Potoae, (the wife of defendant Fouvale), Toese and Taulolomi. After Pauulu became the Vaimaona in 1941, he, his wife Meafou, their children and Meafou's 3 children by her former marriage moved onto and began occupation of the land Mulipa. They continued to occupy it after Pauulu's resignation from the title in 1946, and with the exception of Pauulu, who died in 1952, have continued to occupy it until the present time. Fouvale, who is married to Potoae, and their small children, also live on the land.

Vaimaona Foloi, the present holder of the title, testified in part as follows:

"Q   Now, whom do you want to get off, just name the people you want to get off this land?

A   Meafou, Potoae, Fouvale, Toese, Taulolomi, five.

Q   You want to get off those five?

A   Yes.

Q   Are those all that you want to get off?

A   Yes.

Q   Now, you don't want to get off Pauulu's children by Meafou?

A   No.

Q   Now, why do you want to put these people off?

A   Because they don't render service to the matai and they didn't discuss together with the Vaimaona Family.

Q   Why won't they render service?

A   They just don't render service that's all, but they are rendering service to other matais.

Q   What matais?

A   They first render service to Leaana Lui.

Q   Then whom did they render service to?

A   Now, they are serving Pele Tamotu.

Q   That's the chief of police?

A   Yes.

Q   Is that all you've got against them?

A   Yes.

Q   Now, you say they disturb the peace within the Vaimaona Family. What do you mean by that?

A   First is that they rejected the people of the Vaimaona Family and second Meafou is trying to lead the children of Pauulu in other ways which is against the custom of the Samoan families.

Q   What other ways is she trying to lead them?

A   Because the children were living together with me, two of the boys were living with me and one Taufuiava was living with my sister Folasa Ialiva. Meafou came along and took the children along and advised the children not to go to the Vaimaona Family anymore.

Q   Were they her own children?

A   Yes, by Vaimaona Pauulu.

Q   In other words, she wanted her own children back?

A   Yes.

Q   And you objected?

A   I told Meafou not to treat the children like that, leave the children alone. If they want to come to the family, let them. If they

230

want to come to her, let them come. Don't force the children to any place.

Q   Now, they are her own children, are they?
A   Yes."

We think this testimony sets forth quite clearly the reason for the plaintiffs' complaint against the defendants. Whether such complaint has any basis in fact is for the Court to decide upon the evidence.

██   Meafou is not a member of the Vaimaona Family by blood. Her three children by Vaimaona Pauulu are. Her three children by her first husband, viz., defendants Potoae, Toese and Taulolomi, are not. Neither is Potoae's husband, defendant Fouvale; nor are the children of Potoae and Fouvale. It is the custom in Samoa for a widow who has children to continue to live in her deceased husband's family with their children on family land. If she has no children by her husband, then she usually goes back to live in her own family, that is the family in which she was born. Section 2 of the American Samoan Code provides that "The customs of the Samoans not in conflict with the laws of American Samoa or the laws of the United States shall be preserved." There is no law of the United States nor of American Samoa prohibiting a widow together with her children by her deceased husband from continuing to live on communal lands of his family after his death. It follows that widow Meafou and her children by Pauulu have the right to continue to live on land of the Vaimaona Family unless that right has been forfeited.

Vaimaona Foloi claims that she has forfeited that right due to alleged failure "to render service to the matai and they didn't discuss together with the Vaimaona Family," and because of her "rendering service to other matais," viz., Leaana Lui and Pele Tamotu, and also because she insists on having her own children live with her.

231

While the evidence is contradictory in many respects, we believe that it preponderates in favor of the view that Meafou has and is rendering some service (not as much as the matai has demanded, but still a substantial amount for a widow with three children) to the matai Vaimaona Foloi. As far as rendering service to Leaana Lui and Pele Tamotu is concerned, we think that the evidence preponderates in favor of the view that if Meafou did render any such service it was an insignificant amount. In fact Pele Tamotu, who is chief of police for the Island Government and a responsible person, testified that she had rendered no service to him. We believe the weight of the evidence indicates that Meafou "didn't discuss together with the Vaimaona Family."

A chief owes duties to the members of his family. He should serve as well as lead his people. A chief who cannot serve his people and lead them hasn't much reason for being a chief. A chief does not exist for the purpose of being served. He exists to serve his family and lead them. He is the father, the family members the children. In return for a chief's service to his family, the members of the family also serve him. It is a reciprocal arrangement having its roots embedded in Samoan customs going back hundreds of years.

We do not believe, in the light of the evidence, that defendant Meafou should at this time be evicted from the land Mulipa. However, if Meafou is serving other matais (and there was a conflict in the evidence as to whether she is) she should stop it at once. Meafou should "discuss together with the Vaimaona Family." Also she should serve the Vaimaona title in a reasonable way. However, since she is a widow with children, her matai Vaimaona Foloi should not expect as much service from her as the title is entitled to from male members of his family. Meafou should not participate in village affairs contrary to Sa-

moan customs. If Meafou does not in the future conduct herself toward the Vaimaona Family as a member thereof (she is not a blood member, but under Samoan customs, being a widow with children of a former holder of the Vaimaona title, she is nevertheless a member) in accordance with Samoan customs then the Vaimaona Family may apply to the Court for such relief against Meafou as it may at that time be entitled to. As far as insisting on living with her own children by Pauulu is concerned, of course she has a right to have them live with her.

Vaimaona Foloi should conduct himself toward Meafou and her children by Pauulu as a matai ever conscious of his duties toward his family members should. He has a duty to serve his family as well as a right to service from family members in accordance with Samoan customs.

Defendant Potoae (Meafou's daughter by her first husband) and her husband, defendant Fouvale, and their children are not Vaimaona Family members. Neither are defendants Toese and Taulolomi, who are Meafou's children by her first marriage, Vaimaona Family members. The occupancy of the land Mulipa by these non-family members has been with the permission of the matai of the Vaimaona Family, beginning with respect to Potoae, Toese and Taulolomi with Vaimaona Pauulu. The occupancy by the non-family members is pursuant to a license, which this proceeding as respects it constitutes a revocation. In reliance upon the license these non-family members have either put in some new plantations or improved old plantations on the land. Under these circumstances they cannot be summarily evicted and the product of their labor turned over to the members of the Vaimaona Family. We have held in prior cases that while an executed license is revocable (and the license was executed when these non-family members expended labor in putting in or cultivating plantations in reliance on it) nevertheless the licensee is entitled to com-

233

pensation or reimbursement for expenditures or for labor expended in reliance on it. *T. Magalei et al. v. R. S. Tago Sianava,* No. 23-1955 (H.C. of Am. S.); *Lagolau Tuileata and Saufu uileata [sic] for the Tuileata Family v. Talivaa Liupua,* No. 2-1956 (H.C. of Am. S.). See 33 Am.Jur. 411. In the case first cited we held that the licensee might continue to occupy and use the land involved until the value of its use should compensate him for his labor and expenditures in reliance on the license and the principle applied in the first case was approved in the second. We think that if these non-family members are permitted to continue the occupation and use of Mulipa (in conjunction with Meafou and her three children by Pauulu) for one year from the date of the decree herein, they will be properly compensated.

# I

## ORDER

It is ORDERED that if Meafou fails to observe her obligations to the Vaimaona Family as a member thereof in accordance with Samoan customs, then the Family, after a three-month trial period for Meafou, may apply to the Court for such relief as it may then be entitled to.

# II

## DECREE

It is ORDERED, ADJUDGED and DECREED that defendants Potoae and Fouvale, her husband, together with their children, and defendants Toese and Taulolomi shall have the right (in conjunction with Meafou and her three children by Pauulu) to continue to occupy and use for dwelling and plantation purposes the land Mulipa (the communal family land of the Vaimaona Family at Aumi) for one year from the date of this decree which is April 20, 1956 at the expiration of which time said Potoae and Fou-

vale, together with their children, and Toese and Taulolomi shall vacate such land leaving any plantations thereon in an unharmed condition. If Potoae, Fouvale, Toese or Taulolomi have any Samoan houses which they, or any of them, have erected on Mulipa, the one or those erecting such Samoan house or houses may remove it or them at any time prior to April 20, 1957.

Costs in the sum of $33.00 are assessed as follows:

| | |
|---|---:|
| Foloi Vaimaona | $20.00 |
| Meafou | 3.25 |
| Fouvale | 3.25 |
| Toese | 3.25 |
| Taulolomi | 3.25 |

All costs are to be paid within 30 days.